IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

COBY D. ROBINSON                                                                                   PLAINTIFF

VS.                                          4:11-CV-00784-BRW

UNITED PARCEL SERVICE, INC., and                                                    DEFENDANTS
INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, LOCAL UNION NO. 878

## ORDER

Pending is a Motion to Dismiss (Doc. No. 38) submitted by Defendant United Parcel Service, Inc. ("UPS"). Plaintiff has responded, and UPS has replied.[1] For reasons explained below, Defendant's Motion is GRANTED in part and DENIED in part.

**I.    BACKGROUND**

Coby D. Robinson filed this suit on October 31, 2011, naming UPS as the sole defendant.[2] The original Complaint stated claims under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. It stated that UPS discriminated against Robinson and other African Americans, and that Robinson's discharge for alleged attendance-policy violations was unlawful. It stated further, that UPS violated the terms of a collective bargaining agreement ("CBA") when it discharged Robinson.

UPS answered the Complaint, and later moved to dismiss it under Federal Rules of Civil Procedure 37 and 41 for failure to participate in discovery and comply with a court order.[3] In response, Robinson's lawyer requested, among other things, leave to amend the Complaint and

---

[1]Doc. Nos. 43, 45.

[2]Doc. No. 1.

[3]Doc. Nos. 2, 12.

1

that Robinson be allowed to obtain new counsel.[4] I referred these motions to Magistrate Judge H. D. Young for recommendation.[5] Based on Judge Young's recommendations, I denied Defendant's Motion to Dismiss, and granted Robinson 30 days to obtain new counsel.[6] I also denied Robinson leave to amend his Complaint until he obtained new counsel.

Robinson substituted Ms. Sheila Campbell as his counsel.[7] Then, after obtaining leave, he filed an Amended Complaint.[8] In his Amended Complaint, Robinson added the International Brotherhood of Teamsters, Local Union No. 878 as a defendant.[9] Also, in addition to his Title VII and § 1981 claims, he added the following three claims: (1) breach of labor contract under § 301 of the Labor Management Relations Act[10] ("LMRA"); (2) violation of the Family Medical Leave Act[11] ("FMLA"); and (3) breach of contract under Arkansas law.

UPS claims that Robinson's newly added claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because the claims under the LMRA and FMLA are barred by the applicable statute of limitations and the state-law claim is preempted by § 301 of the LMRA.

---

[4]Doc. No. 15.

[5]Doc. No. 16.

[6]Doc. Nos. 19, 20.

[7]Doc. Nos. 21, 22.

[8]Doc. Nos. 27, 28, 29 and 31.

[9]Doc. No. 31.

[10]29 U.S.C. §§ 185 and 187.

[11]29 U.S.C. §§ 2601 through 2654.

## II.     LEGAL STANDARD

When presented with a motion under Rule 12(b)(6), the Court "accept[s] as true all of the factual allegations contained in the complaint, and review[s] the complaint to determine whether its allegations show that the pleader is entitled to relief."[12] All reasonable inferences from the complaint must be drawn in favor of the nonmoving party.[13] If the facts plead, taken as true, show that a claim is barred under a statute of limitations, relief cannot be granted and the claim should be dismissed under Rule 12(b)(6) as untimely.[14]

## III.    DISCUSSION

### A.     Robinson's Claims under § 301 of the Labor Management Relations Act

Robinson's Amended Complaint alleges that UPS breached the CBA by improperly discharging him, and that his Union breached its duty of fair representation by refusing to represent him in his grievances against UPS for breach of the CBA.[15] His claim is referred to as a § 301 hybrid claim.[16] The statute of limitations for § 301 hybrid claim is six months,[17] and it

---

[12] *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).

[13] *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).

[14] *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004); see also *Jones v. Bock*, 549 U.S. 199, 215 (2007).

[15] Doc. No. 31.

[16] *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 172 (1983); *Scott v. United Auto.*, 242 F.3d 837, 839 (8th Cir. 2001) ("In this action the class seeks to pursue a hybrid claim under Section 301 against Ford for breach of the CBA and against UAW for breach of the duty of fair representation. . . . Such action is governed by the six-month statute of limitations set forth by the Supreme Court in *DelCostello*. . . .").

[17] *Scott,* 242 F.3d at 839; see also *Arif v. AT&T Corp.*, 959 F. Supp. 1054, 1061-62 (E.D. Ark. 1997) ("A [section 301] hybrid case is one in which the employee has a cause of action against both the employer and the union. The claim against the employer is that it violated the [CBA]. The claims against the union is that the union did not properly represent the employer in pressing his grievance against the employer. A hybrid case can present itself even thought the

3

begins to run when the employee knows or reasonably should know that a union has breached its duty of fair representation.[18]

Robinson claims that he first filed a grievance against UPS on June 25, 2010, because he received notice from UPS that it intended to discharge him because of excessive absences.[19] He was later discharged on October 9, 2010.  Robinson alleges further that on August 13, 2010, he filed a second grievance against UPS claiming that he was improperly discharged.[20]  It appears that Robinson also alleges that on October 20, 2010, his Union notified him that it would not represent him regarding his second grievance against UPS.[21]  Therefore, even under the most generous reading of Robinson's Amended Complaint, he must have, at the latest, commenced his action within six months of October 20, 2010 -- by April 20, 2011.  Robinson did not file suit until October 31, 2011, nearly six months too late.  Thus, Robinson's § 301 claim is untimely.

Before concluding, I note that UPS argues that Robinson's § 301 claim is time-barred because it was not brought until December 13, 2012 (the date Robinson filed his Amended Complaint).[22]  Although it is true that the original Complaint did not expressly state a claim under § 301 or even reference the LMRA,[23] the analysis does not end there.  If the § 301 claim

---

union has not been sued. . . . Even though the plaintiffs have elected to sue only their employer, the six-month statute of limitations contained in Section 10(b) applies.")

[18]*Schuver v. Mid Am. Energy Co.*, 154 F.3d 795, 800 (8th Cir. 1998); see also *Scott*, 242 F.3d at 837.

[19]Doc. No 31.

[20]*Id.*

[21]*Id.*

[22]Doc. No. 39.

[23]Doc. No. 1.

4

relates back to the original Complaint, it could be timely although it was not expressly asserted until Robinson amended his Complaint. But, even if the claim relates back, it is still untimely because the original Complaint was filed outside § 301's limitations period. Thus, Robinson's § 301 claim fails.

### B. Robinson's Claims under the Family Medical Leave Act

UPS asserts that Robinson's claims under the FMLA are time-barred and should be dismissed.[24] Title 29 U.S.C. § 2617(c)(2) of the FMLA provides that all actions brought under this section, except for those claiming willful violations, must be brought within two years of "the date of the last event constituting the alleged violation for which the action is brought."[25] In actions brought for willful violations, the limitations period is extended to three years.[26] The statute does not define the term "willful," but the Eighth Circuit Court of Appeals has adopted the Supreme Court's definition of "willful" for FMLA actions that was set forth in an action brought under the Fair Labor Standards Act.[27] There, the Supreme Court stated that, in order to establish a willful violation, the plaintiff must show that "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."[28] The Eighth Circuit has cautioned, however, that "an employer's general knowledge regarding [the FMLA's] potential applicability does not prove willfulness."[29]

---

[24] Doc. Nos. 38, 39.

[25] 29 U.S.C. § 2617(c)(2).

[26] 29 U.S.C. § 2617(c)(3).

[27] *Hanger v. Lake Cnty.*, 390 F.3d 579, 583 (8th Cir. 2004).

[28] *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).

[29] *Hanger*, 390 F.3d at 583.

Robinson's Amended Complaint states that UPS violated the FMLA when he returned to work from a serious health condition on June 25, 2010, after being off for seven days with an excuse from his doctor, and his supervisor blatantly refused to accept the doctor's excuse -- and went on to use those days as reasons to discipline him for absenteeism."[30]  Thus, the statute of limitations on his FMLA claim began to run on June 25, 2010.

Robinson first expressly claimed violation of the FMLA in his Amended Complaint, filed on December 13, 2012.[31]  Therefore, unless the facts plead are sufficient to support a claim for willful violation of the FMLA, or his claim is found to related back to his original Complaint under Rule 15, Robinson's FMLA claim is untimely.

In response to UPS's Motion to Dismiss, Robinson claims that UPS's violation was willful, and therefore the three-year limitations period should apply to his claim.[32]  The facts alleged, however, may well be insufficient to support a claim for willful violation of the FMLA. But, whether the alleged conduct could support a willful violation claim, need not be decided because it appears that the FMLA claim relates back to Robinson's original Complaint.

Under Rule 15(c)(2), "an amendment of a pleading relates back to the date of the original pleading when the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."[33]  An amended complaint does not related back, however, when it alleges new causes of action arising out of different conduct from that alleged in the original complaint -- "relation back depends on the

---

[30]Doc. No. 31.

[31]*Id.*

[32]Doc. Nos. 43, 44.

[33]*Maegdlin v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. 949*, 309 F.3d 1051, 1052 (8th Cir. 2002).

6

existence of a common 'core of operative facts' uniting the original and newly asserted claims."[33] The rationale behind Rule 15 "is that 'a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide.'"[34]

Here, Robinson filed his original Complaint on October 31, 2011.[35] Paragraph 6 of his original Complaint states as follows:

> Defendant has discriminated against Plaintiff because of his race, African American, in terminating him for an attendance policy that did not exist while allowing white employees to violate the "attendance policy" with no disciplinary action or termination; by allowing Harold Williams to create a hostile work environment specifically aimed at getting plaintiff to resign or set up bogus reasons for termination and allowing him to purposely harass plaintiff because of his race; by not providing him with the contractual rights of receiving a written attendance policy; by discharging him when the contract provides for employment pending investigation. . . .[36]

Although the original Complaint does not reference UPS's refusal to excuse Robinson's medically-related absences as a basis for his suit, or assert that his discharged violated the FMLA because it was based on attendance-policy violations that were excusable, his FMLA claim arises from the same conduct or occurrence as the claims set forth, or attempted to be set forth, in his original Complaint -- namely, that he was wrongfully discharged for violating UPS's attendance policy. Robinson's discharge for excessive absences constitutes the "core of operative facts" that his claims are based on. Moreover, taking the factual allegations in the Complaint as true, UPS would have been on notice that Robinson was claiming a FMLA-related

---

[33] *Mayle v. Felix*, 545 U.S. 644, 659 (2005) (citations omitted).

[34] *Maegdlin,* 309 F.3d at 1052 (citations omitted).

[35] Doc. No. 1.

[36] *Id.*

7

claim by the fact that his grievance against his supervisor was for failing to accept his doctor's excuse.

In sum, I am satisfied that the factual allegations in the original Complaint were sufficient to put UPS on notice that Robinson was attempting to claim his discharge violated the FMLA, even though his original Complaint did not expressly state so. Since his FMLA claim relates back to his original Complaint, and the original Complaint was filed within the two-year limitations period, Robinson's FMLA claim is timely.

### C.    Robinson's State-law Breach of Contract Claim

UPS claims that Robinson's state-law breach-of-contract claim is preempted by § 301 of the LMRA and should be dismissed.[37]

The Supreme Court has held that federal law exclusively governs suits for breach of a CBA.[38] Moreover, § 301 "preempts state-law claims that are 'substantially dependent upon analysis' of a CBA."[39] In determining whether § 301 preempts a state-law claim, a two step approach is applied. "First, a state-law claim is preempted if it is based on a provision of the CBA, meaning that the CBA provision at issue actually sets forth the right upon which the claim is based."[40] "Second, [§ 301] preemption applies where a state-law claim is dependant upon an analysis of the relevant CBA, meaning that the plaintiff's state-law claim requires interpretation of a provision of the CBA."[41]

---

[37]Doc. No. 39.

[38]*Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220-21 (1985).

[39]*Williams v. Nat'l Football League*, 582 F.3d 863, 874 (8th Cir. 2009) (citations omitted).

[40]*Id.* at 874 (internal quotations omitted).

[41]*Id.*

Robinson's Amended Complaint states that "[UPS] engaged in wrongful termination of the Plaintiff when he was terminated without just cause under an employment agreement as cognizable under state law."[42] It states further that Robinson's employment with UPS was governed by the terms of the CBA.[43] Moreover, it states that "on August 9, 2010, the Plaintiff was terminated from his job with [UPS] without just cause pursuant to the terms of the collective bargaining agreement."[44] Additionally, the Amended Complaint goes on to state numerous times that Robinson's discharge was in breach of various provisions of the CBA.

The Amended Complaint's factual allegations make it clear that Robinson's state-law claims are not only based on rights provided by the CBA, but must also be analyzed by interpreting the terms of the CBA. Thus, Robinson's state-law breach of contract claim is preempted.

## CONCLUSION

UPS's Motion to Dismiss the claim under the Family Medical Leave Act is DENIED. UPS's Motion to Dismiss as it pertains to Robinson's claim under § 301 of the Labor Management Relations Act and his state-law breach-of-contract claim is GRANTED. Accordingly, those are dismissed with prejudice.

IT IS SO ORDERED this 14th day of February, 2013.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[42]Doc. No. 31.

[43]*Id.* ("That Defendant International Brotherhood of Teamsters, Local Union No. 878 was the exclusive bargaining unit for the Plaintiff with the Defendant when it entered into a collective bargaining agreement with [UPS] on or about December 19, 2007, which governed the terms of the Plaintiff's employment with [UPS]").

[44]*Id.*